# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1075V
Filed: June 30, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
KAREN COMEIRO,                              \*
                                            \*
            Petitioner,                     \*    Damages Decision Based on Proffer;
                                            \*    Trivalent Influenza or Flu Vaccine;
                                            \*    Injection Site Injury
SECRETARY OF HEALTH                         \*    Special Processing Unit ("SPU")
AND HUMAN SERVICES,                         \*
                                            \*
            Respondent.                     \*
                                            \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Erika Todd, Esq.*, Arrowood Peters LLP, Boston, MA for petitioner.
*Justine Walters, Esq.*, U.S. Department of Justice, Washington, DC for respondent.

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On November 4, 2014, Karen Comeiro filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that she suffered injuries to include "severe blistering and disfigurement at the injection site" which were caused by the trivalent flu vaccine she received on October 8, 2013.[3] The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

[3] Petition at 1. Initially, petitioner also alleged that she suffered an adverse effect on her rheumatoid arthritis (an ongoing condition) because she was forced to abstain from taking at least one of her rheumatoid arthritis medications which was interfering with the healing of the injection site injury. Petition at 4-5. Respondent disputed vaccine causation for this additional injury. *See* Respondent's Rule 4(c) Report ["Res. Report"] at 2, 9-10. On March 2, 2015, petitioner's counsel informed the OSM staff attorney managing this case by email that petitioner had agreed to narrow her claim to exclude any claim of aggravation of her rheumatoid arthritis.

On March 2, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation.  On June 30, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $85,000.00.  Proffer at 1.  According to respondent's Proffer, petitioner agrees to this proposed amount.  *Id.*

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $85,000.00 in the form of a check payable to petitioner, Karen Comeiro.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

>**s/Denise K. Vowell**
>Denise K. Vowell
>Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KAREN COMEIRO, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 14-1075V |
| v. ) | Chief Special Master Vowell |
| ) | SPU |
| SECRETARY OF HEALTH AND ) | ECF |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.   Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $85,000.00, which represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.   Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $85,000.00 in the form of a check payable to petitioner. Petitioner agrees.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

                        VINCENT J. MATANOSKI
                        Deputy Director
                        Torts Branch, Civil Division

                        ALTHEA W. DAVIS
                        Senior Trial Counsel
                        Torts Branch, Civil Division

                        _s/ Justine Walters_____
                        JUSTINE WALTERS
                        Trial Attorney
                        Torts Branch, Civil Division
                        U.S. Department of Justice
                        P.O. Box 146, Benjamin Franklin Station
                        Washington, D.C.  20044-0146
                        Tel.: (202) 307-6393

DATE: June 30, 2015