# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1075V
Filed: September 14, 2015
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| KAREN COMEIRO, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \*   Attorney Fees and Costs; Stipulation |
| SECRETARY OF HEALTH AND | \*   Special Processing Unit ("SPU") |
| HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Erika Todd, Esq.*, Arrowood Peters LLP, Boston, MA for petitioner.
*Justine Walters, Esq.*, U.S. Department of Justice, Washington, DC for respondent.

### DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Special Master:

On November 4, 2014, Karen Comeiro filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that she suffered injuries to include "severe blistering and disfigurement at the injection site" which were caused by the trivalent flu vaccine she received on October 8, 2013.[3] On June 30, 2015, I issued a decision awarding compensation to petitioner based on the respondent's proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

[3] Petition at 1. Initially, petitioner also alleged that she suffered an adverse effect on her rheumatoid arthritis (an ongoing condition) because she was forced to abstain from taking at least one of her rheumatoid arthritis medications which was interfering with the healing of the injection site injury. Petition

On September 14, 2015, the parties filed a Stipulation of Facts Regarding Final Attorneys' Fees and Costs. According to the stipulation, the parties agree upon an award of $13,806.28 for attorney's fees and costs and an award of $20.00 for petitioner's costs. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred $20.00 in out-of-pocket expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). I find the proposed amount to be reasonable.

**Accordingly, I award the total $13,826.28[4] as follows:**

**1. an award of $13,806.28 in the form of a check jointly payable to petitioner and petitioner's counsel Erika Todd, and**

**2. an award of $20.00 in the form of a check solely payable to petitioner.**

**IT IS SO ORDERED.**

                                          **s/Denise K. Vowell**
                                          **Denise K. Vowell**
                                          Special Master

---

at 4-5. Respondent disputed vaccine causation for this additional injury. *See* Respondent's Rule 4(c) Report ["Res. Report"] at 2, 9-10. On March 2, 2015, petitioner's counsel informed the OSM staff attorney managing this case by email that petitioner had agreed to narrow her claim to exclude any claim of aggravation of her rheumatoid arthritis.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).